IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE C.L. ROWAN, #A0221576, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF HAWAII DEP'T OF ) <br> PUBLIC SAFETY, ) <br> ) <br> Defendant. ) <br> _____ ) | CIV. NO. 1:19-cv-00254 DKW-RT <br><br> ORDER DISMISSING COMPLAINT <br> WITH LEAVE TO AMEND |

Before the court is pro se Plaintiff George C.L. Rowan's prisoner civil rights complaint. Rowan says that he is a sentenced inmate who is incarcerated at the Oahu Community Correctional Center ("OCCC") with "pretr[ia]l felons inmates due to mental Health evaluation." Compl., ECF No. 1, PageID #1. Rowan does not explain what his own classification status is, but he apparently complains that he is housed with inmates who are classified as medium security. *See id.* He states, "I am hereby among inmates that are modified with a classification structure due to prison overcrowding." *Id.* Rowan asserts the State:

> needs to e[]stablish the correct and immediate Polices and Procedures to follow State and civil laws to run inmates by there [sic] acorreding [sic] classification level with this type of evaluation level it will prevent the constitute level of threat to facilities modification structure

and locally state laws.  With[i]n said this type of modification provide a open game to a (petitioner) . . as myself to file a civil and state, tort claim against the State and also the D.P.S system of Hawaii for violating a (Delliberate Indifferance) [sic]. . Policies and Procedures of D.P.S. System.

*Id.*

## I. **SCREENING**

The Court is required to screen complaints brought by prisoners proceeding in forma pauperis and who seek relief against a governmental entity, officer, or employee of a governmental entity.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).  A prisoner's complaint, or any portion thereof, is subject to dismissal if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendants who are immune from such relief.  *Id.*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not

required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, a complaint requires facially plausible, sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss*, 572 F.3d at 969.

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of

state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Rowan's complaint is nearly incomprehensible. He names only the State, he identifies no basis for this Court's jurisdiction, he asserts no coherent statement of facts in support of any claims, he fails to explain what injury he has suffered or link a Defendant to that injury, and he fails to assert any prayer for relief. Rowan's complaint is therefore DISMISSED for his failure to state a cognizable claim for relief, with leave granted to amend. The Court provides the following legal standards to enable Rowan to amend his pleading.

Rowan is notified that the State, its agencies, and state officials are immune from suit for damages in federal court. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Further, "prospective declaratory and injunctive relief" is available under § 1983 only "to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated*

4

*on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010) ); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

As a convicted prisoner, Rowan's claims arise under the Eighth Amendment, which protects convicted prisoners from inhumane methods of punishment and conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1991) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'" *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a [state] actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 410 (1997)). A plaintiff may show the "defendant's response to the need was deliberately indifferent . . . by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

Rowan vaguely alleges overcrowding at OCCC. He is informed that temporarily housing an inmate in a cell with more inmates than the cell was intended to hold, by itself, does not rise to the level of a constitutional violation. *Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (holding double-celling by itself does not violate the Eighth Amendment). There is no "one man, one cell principle lurking in the Due Process Clause." *Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (quotation marks omitted). Thus, overcrowding has "no constitutional significance standing alone." *Balla v. Idaho State Bd. of Corrs.*, 869 F.2d 461, 471 (9th Cir. 1989).

To state a claim for overcrowding, an inmate must plausibly allege that the alleged overcrowding at OCCC caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level that rendered the institution unfit for human habitation. *See id.*; *Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding by itself does not violate the Constitution, but can lead to specific effects that might do so), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

## III. LEAVE TO AMEND

The Complaint is DISMISSED with leave to amend. Rowan may file an amended complaint on or before July 19, 2019 that cures the deficiencies in his pleading. Rowan must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and must be submitted on the court's prisoner civil rights form. An amended complaint supersedes the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. To properly amend his pleadings, Rowan must set forth specific, sufficient facts showing that a particular Defendant personally violated his rights under the Constitution or other federal law, on a specific date or dates, while acting under color of state law. He must also make a specific claim for relief.

If Rowan fails to timely file an amended complaint that cures the deficiencies in his claims, this action will be dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[1]

---

[1]28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

## IV. CONCLUSION

(1) The complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

(2) Rowan may file an amended pleading that cures the deficiencies in his claims on or before July 19, 2019.

(3) The Clerk SHALL send Rowan a blank prisoner civil rights complaint form so that he can comply with this Order if he elects to amend his complaint.

(4) If Rowan fails to timely amend his pleadings or cure the noted deficiencies in his complaint, this suit may be AUTOMATICALLY DISMISSED without further notice, and he may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: June 12, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*George C. L. Rowan v. State of Hawaii Dep't of Public Safety*; Civil No. 19-00254 DKW-RT; **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

*Rowan v. State*, No. 1:19-cv-00254 DKW-RT; scrng '19 Rowan 19-254(dsm incoherent overcrwdg)

---

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.